IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY XAVIER MINTER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20cv00426 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ADRIANNE BENNETT, *et al.,* | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Respondent. | ) | |

Troy Xavier Minter ("Minter" or "Petitioner"), a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241—which the court construes as a petition under 28 U.S.C. § 2254 (*see* ECF No. 2)—challenging the Virginia Parole Board's January 16, 1998 determination that he was ineligible for parole on his conviction for four robberies in 1990. Respondents Adrienne Bennett and Harold Clarke have filed a motion to dismiss alleging that Minter's petition is untimely based on the Supreme Court of Virginia's November 21, 2019 dismissal of his state habeas petition. For the reasons discussed below, the court agrees that Minter's petition is untimely under the federal statute and will dismiss Minter's claims.[1]

---

[1] Based on the court's decision that this petition is untimely, Minter's motion for discovery (ECF No. 21) and motion to appoint counsel (ECF No. 22) will be denied as moot.

## I. Factual Background and Procedural History

On January 10, 1991, Minter pleaded guilty to four counts of robbery in violation of Virginia Code § 18.2-58.[2] According to the Virginia Courts Case Information System, the robberies occurred on September 11, September 14, September 18, and September 26, 1990. On February 13, 1991, Minter also pleaded guilty to distributing cocaine. The Roanoke City Circuit Court sentenced Minter on all five felony offenses on February 27, 1991, imposing a sentence of 10 years, with four years suspended, on each robbery, and eight years, with seven years suspended, on the drug charge, conditioned on five years of probation upon release. The court imposed the sentences to run consecutively, resulting in an active sentence of 25 years, with 23 years suspended, and five years of probation upon release.

On December 19, 1996, Minter was notified that his request for parole was approved. But on May 21, 1997, days before his release, Minter's parole was rescinded; the Department of Corrections ("DOC") clarified that Minter was not eligible for parole because of Virginia's (then) recently enacted "three-strikes rule," an exception to the general parole eligibility that applied to offenses occurring before January 1, 1995.[3] *See* Va. Code § 53.1-165.1(A) ("The provisions of this article . . . shall not apply to any sentence imposed or to any prisoner incarcerated upon a conviction for a felony offense committed on or after January 1, 1995. Any person sentenced to a term of incarceration for a felony offense committed on or after

---

[2] The Commonwealth *nolle prossed* four charges of use of a firearm in commission of a felony. "Nolle pros," a shortened form of the Latin phrase "nolle prosequi," refers to the Commonwealth's decision to dismiss the charges.

[3] The "three-strikes rule" states that "[a]ny person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act or scheme shall not be eligible for parole." Va. Code Ann. § 53.1-151(B1).

January 1, 1995, shall not be eligible for parole for that offense."). Minter appealed to the Parole Board for reconsideration of the DOC's decision. On January 16, 1998, the Board affirmed the DOC's determination that Minter was ineligible for discretionary parole. (*See* Pet. Ex. Supp. Reply Br. at p. 7, ECF No. 16.)

On August 19, 1997, Minter filed a state habeas petition in Roanoke City Circuit Court challenging the determination of the Parole Board. The court dismissed the petition on August 29, 2001, and the records have since been purged. Minter appealed to the Supreme Court of Virginia, but the appeal was refused on March 28, 2002, and that court denied rehearing on April 19, 2002.

On June 2, 2007, Minter was released from custody on mandatory parole to begin his term of probation.[4] On April 7, 2010, however, he was arrested on several new armed robbery charges. Minter was ultimately convicted of those new charges, and on June 29, 2010, he was sentenced to 20 years active time with no time suspended.[5] The court also revoked Minter's probation and reimposed two years of the suspended time on each charge, to run consecutively, for a total of 10 years for his violation of his probation. The DOC then revoked

---

[4] Mandatory parole is different from the discretionary parole eligibility discussed in Virginia Code Ann. § 53.1-151. A prisoner's discretionary parole eligibility date is when the prisoner can first be considered for parole (and periodically thereafter), subject to the parole board's determination that the prisoner is a low risk for reoffending. Mandatory parole (for pre-1995 convictions) directed that a prisoner be released six months before expiration of his total sentence, reduced by his earned "good-time credit." Va. Code § 53.1-159. Good-time credit accrues at different rates, depending on an inmate's conduct during incarceration, and varies from no credit to 30 days of credit for every 30 days of incarceration. *See* Va. Code Ann. § 53.1-201. If one violates parole, the time saved by the good-time credit is reimposed on the prisoner, and he will not again be eligible for parole on that sentence. Va. Code Ann. § 53.1-159.

[5] Minter's new convictions were for three robberies and an attempted robbery, plus one conviction for use of a firearm in the commission of a felony. He received five years for each robbery (15 years), two years for the attempted robbery, and three years for the use of a firearm, to run consecutively, with no time suspended (20 years total). The Commonwealth dropped several other charges.

his parole, reimposing the "good-time credit" that had been deducted from his sentence when he was released on mandatory parole, which resulted in almost nine years to serve on the parole violation *before* his other sentences would begin. *See* Va. Code Ann. § 53.1-159.

On January 4, 2018, Minter received a letter from the DOC indicating that he was ineligible for discretionary parole because of the "three-strikes rule," and advising him that he would remain ineligible if he did not request review by the Parole Board. Minter requested review by the Parole Board, and on September 13, 2018, the Board notified him that his eligibility for discretionary parole was restored for the pre-1995 offenses, but that he would have to serve his "new law sentence" (that is, the sentence on his new robbery convictions) before he would be eligible for parole on the 10 years from his pre-1995 cases.

On September 5, 2019, almost one year later, Minter filed a state habeas petition, asserting the following claims:

(1) The Parole Board violated his due process rights by rescinding his parole in May 1997 without a hearing and without following its own rules;

(2) The Parole Board deprived him of a liberty interest without due process of law by wrongfully enhancing his time in confinement when the Board erroneously found him ineligible for parole in 1997;

(3) By erroneously finding him ineligible for parole in 1997, the Board inflicted cruel and unusual punishment by imposing atypical and significant hardship on him;

(4) The Parole Board erroneously applied 1995 policies *ex post facto* to pre-1995 convictions; and

(5) The Parole Board violated his rights under the Eighth Amendment by imposing a sentence that was disproportionate to the offenses committed.

The Supreme Court of Virginia dismissed Minter's state habeas petition as untimely on November 21, 2019, noting that Minter's claims regarding the 1997 Parole Board

determination accrued no later than January 16, 1998, when the Parole Board affirmed the DOC's initial ineligibility determination. Thus, his petition challenging the Parole Board's decision should have been filed no later than January 18, 1999 (because January 16 was a Saturday). *See Minter v. Bennett, et al.,* Record No. 191153 (Va. Nov. 21, 2019). Minter filed the present petition in the Eastern District of Virginia on December 6, 2019, raising the same claims. On July 24, 2020, pursuant to 28 U.S.C. §§ 1404 and 1406, the court transferred the matter to this court.

## II. Timeliness

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal statutes require state prisoners to meet several procedural requirements before a federal court may grant relief in habeas corpus. First, the petitioner must timely file his claim, generally within one year from the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(a). As applicable to this case, 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Minter acknowledges that more than one year has elapsed since his parole was withdrawn in 1997, and he makes no claim of a constitutional right that has been newly recognized by the Supreme Court. Rather, he asserts that equitable tolling should apply because, in his view, the letter of September 13, 2018, was "new evidence," specifically, an admission that the Parole Board had "misapplied and misinterpreted the 3 strikes law" 20 years earlier. (Pet. at 8.) He further argues that the "misapplication" was purposeful and was done in an effort to prevent him from correcting the injustice in a timely fashion. The court construes these arguments as an attempt to invoke §§ 2241(d)(1)(B), (d)(1)(D), and equitable tolling in general.

### A. **State-Created Impediment**

Under § 2244(d)(1)(B), a petitioner must show "that (1) he was prevented from filing a petition, (2) by State action, (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). Minter was not prevented from filing a timely habeas petition; indeed, Minter filed a state habeas petition in 1997 based on his parole ineligibility. His state habeas was denied on August 29, 2001. His appeal to the Supreme Court of Virginia was denied on March 28, 2002, and rehearing was denied April 19, 2002.

According to Minter's current petition, his attorney declined to represent him in a federal habeas case and he did not have the money to hire another attorney, so he did not file a petition in federal court at that time. Those circumstances do not constitute an impediment created by state action. In deciding whether *state action* has created an impediment, the courts must "avoid the imposition of responsibility on a State for conduct it could not control." *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 295 (2001). Neither his retained attorney's unwillingness to handle a federal habeas matter nor Minter's lack of funds constitute State action under *Brentwood Academy*.

Further, Minter was not prevented or impeded from filing a federal habeas at that time; he could have filed the federal petition himself in 2002 (as he did in December 2019 when he filed his current petition). The fact that filing his own petition might have been more difficult without an attorney did not make such filing impossible. *See Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) (holding that the perceived futility of filing for habeas relief until after a new federal decision declared a state law unconstitutional did not make the state law an impediment to filing; petitioner may not previously have been able to obtain a successful result, but he was still capable of making the effort to file the petition). Finally, these circumstances do not constitute violations of the Constitution or federal law. Thus, § 2244(d)(1)(B) does not save Minter's untimely petition.

### B. New Factual Predicate

Minter also argues that the Parole Board's 2018 decision constitutes a complete reversal of the 1998 determination that he was not eligible for parole and is, in essence, admission that

the Board made a mistake. (Pet. Memo in Opp. Mot to Dismiss at 11, ECF. No. 15.) Minter's argument misconstrues the procedural status of the 1998 determination and the 2018 decision.

The three-strikes provision of Virginia Code § 53.1-151 was in effect in 1990 and 1991 when a person convicted of a felony was sentenced and committed to the DOC. Thus, when Minter was sentenced in 1991, the DOC was required to determine his eligibility for parole. The DOC had to "make all reasonable efforts to determine prior convictions and commitments of each inmate." Va. Code Ann. § 53.1-151(A). Under § 53.1-151(B1), a person convicted of three separate felony offenses of murder, rape, or robbery by presenting a firearm or other deadly weapon was not eligible for parole unless the offenses were part of a common act, transaction, or scheme.[6]

If the DOC designated a prisoner ineligible for parole under § 53.1-151(B1), Virginia law provided for review of that decision by the Parole Board. The process for this review is outlined in the Virginia Parole Board's Administrative Procedures Manual at Parole Process No. 1.222.[7] When the DOC notified an inmate of parole ineligibility, the Department also had to provide a "Parole Ineligibility Appeal" form to the inmate. If the inmate was denied parole eligibility under the "three-strikes rule," upon receiving the appeal the Parole Board would evaluate several factors to determine whether the three convictions were part of a common

---

[6] Contrary to Minter's argument, there is no requirement that a defendant be "at liberty" between convictions for multiple charges of murder, rape, or robbery. The "at liberty" provision applies to (1) *prior* convictions (before the ones for which he was currently sentenced), Va. Code Ann. § 53.1-151(A), or (2) current or prior convictions for drug distribution offenses, *id.* § 53.1-159(B2).

[7] The current version of No. 1.222 became effective February 1, 1994, and was revised in 1995, but the general process has not changed. *See, e.g.*, *Vann v. Angelone*, 73 F.3d 519 (4th Cir. 1996) (addressing a similar challenge, under similar circumstances as Minter's, arising from the 1993 denial of eligibility for parole after he was provisionally approved for parole on a 1983 offense).

act, transaction, or scheme. *See* Va. Parole Bd. Admin. Pro. Manual, No. 1.222 at 1–2, *available at* https://vpb.virginia.gov/files/1108/vpb-procedure-manual.pdf. "Due to the broad conceptual nature of <u>act</u>, <u>transaction</u> and <u>scheme</u>," the Parole Board reserved "the right to determine the applicability of these terms to individual cases as part of its review." *Id.* at 3 (emphasis in original). The Parole Board's decision would override the prior decision of the DOC. Va. Code § 53.1-151(B1).

In January 1998, the Parole Board agreed with the DOC that Minter had convictions for three or more robberies that were not part of the same act, transaction, or scheme.[8] Because there was no further right of direct appeal, Minter's method for challenging that decision was to file a state petition for habeas corpus. *Smith v. Angelone*, 73 F. Supp. 2d 612, 615 (E.D. Va. 1999). Minter did that, but he lost. *Minter v. Bennett*, No. 191153 (Va. filed Nov. 21, 2019).

Eventually, in 2007, Minter was released on mandatory parole. The determination of his parole was based on the 25 years which he was sentenced to serve; the additional 23 years that had been suspended were not considered. *See* Va. Code Ann. § 53.1-151(F).

When Minter was arrested in 2010, he returned to the DOC with new convictions and new sentences. Among the new sentences, Minter had to serve 10 years of the previously suspended 23 years. The process of determining his parole eligibility on *that* 10 years began anew because he was in custody on a new sentence. Because his new charges arose after 1995

---

[8] Significantly, Va. Code Ann. § 53.1-151 did not apply to persons sentenced for offenses committed on or after January 1, 1995, until the law was amended again in 2020. Va. Code Ann. § 53.1-165.1(A). The "three-strikes rule" was in existence long before 1995, as § 53.1-151 was enacted in 1982. Contrary to Minter's allegations, the 1998 determination by the Parole Board, based on the "three-strikes rule" of § 53.1-151, was not based on later criteria.

and because Virginia abolished parole "for a felony offense committed on or after January 1, 1995," *id.* § 53.1-165.1, parole eligibility was not a consideration for the *new* convictions. But the DOC determined again that the "three-strikes rule" prevented Minter from being eligible for parole on the 10 years for the *pre-1995* offense. Because this was a determination on a new commitment for active incarceration, the DOC also provided Minter the form to request review by the Parole Board. This was not a reconsideration of the 1998 decision, but a new decision by different Board members based upon their consideration of how to weigh the factors under the circumstances of the individual case.

In the exercise of a function requiring broad discretion—such as parole eligibility decisions—different Board members considering an issue 20 years apart from one another may reasonably reach different interpretations and conclusions on the same or similar issue. That does not invalidate the earlier decision, which was long since final, nor does it give Minter "new facts" to support the same argument he made in 1997. *See Whiteside v. United States*, 775 F.3d 180, 183–84 (4th Cir. 2014) (holding that an intervening change in the interpretation of the law is not a new factual predicate sufficient to reset the statute of limitations; a change in the interpretation of law resets the statute only if declared by the United States Supreme Court and made retroactively applicable to cases on habeas review). Simply put, on the facts alleged, § 2244(d)(1)(D) does not excuse Minter's untimely petition.

### C. Equitable Tolling

The Supreme Court has recognized that the statute of limitations for habeas petitions under the AEDPA is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 636 (2010). To invoke equitable tolling, a petitioner must show (1) that he has been pursuing his rights

diligently and that (2) some extraordinary circumstances prevented his timely filing. *Id.* at 649. The court does not need to decide whether Minter has diligently pursued his rights; assuming that he has done so, he has not shown that extraordinary circumstances prevented his timely filing. As noted above, Minter filed a timely state petition challenging the determination of his parole ineligibility, and he did not prevail. He chose not to file a federal petition at that time, and the time to do so expired well over 20 years ago.

Further, even if the court proceeded on the merits of his claim, the later decision by a differently constituted Parole Board would have no bearing on whether Minter's constitutional rights were violated at the original Parole Board review. The Fourth Circuit has already determined that Virginia's parole statute provides a constitutional framework within which the Parole Board members can exercise their discretion, and that framework complies with the requirements of Due Process. *See Vann v. Angelone*, 73 F.3d 519, 523 (4th Cir. 1996). Whether and when to grant parole is quintessentially a state-law matter. *Id.* at 521. Interpreting state law is outside the purview of a federal habeas court. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Following the precedent set in *Vann*, this court

> reject[s] petitioner's attempt to draw this court into the merits of either the state's parole statute or its individual parole decisions. . . . [Developing] federal decisional law on the definition of "common act, transaction or scheme" . . . would compromise important principles of federalism, undermine state parole authorities, and install the federal judiciary as the final arbiter in yet one more area of state law.

73 F.3d at 522–23. Minter's petition will therefore be dismissed.

### III. Conclusion

For the reasons discussed above, the court will grant Respondents' motion to dismiss the petition as untimely.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzales v. Thaler*, 565 U.S. 134, 140–41 (2012). Minter has not made such showings in this case, so a certificate of appealability will be denied.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and all counsel of record.

**ENTERED** this 5th day of November, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE